Steven Wise **WRIGHT**, Petitioner,

v.

George **BAILEY**, and Raymond L. Bell, Respondents.

Clarence Edward **WRIGHT**, Jr., Petitioner,

v.

George **BAILEY**, and Raymond L. Bell, Respondents.

Civ. A. Nos. 74–C–2–C, 74–C–3–C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

Aug. 15, 1974.

S. W. Tucker, Hill, Tucker & Marsh, Richmond, Va., for petitioners.

Charles R. Haugh, Haugh & Helvin, Charlottesville, Va., for respondent.

OPINION AND JUDGMENT

DALTON, District Judge.

Petitioner Steven Wright was convicted in the Circuit Court of the County of Albermarle, Virginia, of disorderly conduct and resisting arrest. His brother, petitioner Clarence Wright, was contemporaneously convicted of assault and battery and resisting arrest. Herein,

they petition this court for federal habeas corpus relief pursuant to 28 U.S.C § 2254, alleging that their convictions are constitutionally invalid. Since their convictions arise out of the same incident and involve the same defendants, the petitions have been consolidated for disposition.

Petitioner Steven Wright contends that his convictions should be vacated because: 1) Virginia's disorderly conduct statute (§ 18.1–253.2) is facially invalid and was unconstitutionally applied to him in violation of the First and Fourteenth Amendments; 2) the evidence was insufficient to sustain a conviction for disorderly conduct; 3) the conviction for disorderly conduct violates the due process clause of the Fourteenth Amendment because there was no evidence to support petitioner's guilt; and 4) the altercation which resulted in petitioner's arrest and conviction for resisting arrest was the means by which petitioner was denied rights of speech protected by the First and Fourteenth Amendments.

■ The court does not reach the merits of petitioner's first three contentions because of a jurisdiction obstacle which prevents consideration. This court's habeas corpus jurisdiction is limited to consideration of applications for writs of habeas corpus filed "in behalf of person[s] *in custody* pursuant to the judgment of a State court . . . " 28 U.S.C. § 2254(a) (emphasis supplied).

Petitioner was ordered to pay a fine of $50 and costs and, therefore, was not "in custody" pursuant to the conviction for disorderly conduct. Consequently, the court does not have the statutory authority to rule on his contentions.[1]

■■ Pursuant to his conviction for resisting arrest, Steven Wright was sentenced to thirty days imprisonment, the execution thereof being suspended for a period of twelve months, and therefore is "in custody" within the meaning of § 2254(a). Walker v. Dillard, No. 73–1108 (4th Cir., June 20, 1973) (mem. dec.). Upon consideration of the merits of his contention regarding his resisting arrest conviction, however, the court finds no violation of petitioner's right of free speech since he was not engaging in protected activity at the time of arrest. The arresting officer testified at trial that when he placed petitioner under arrest for disorderly conduct he caught him by the arm and started to his police car when petitioner jerked free. "As he jerked free," the officer related, "I tried to catch his arm again and this is when he drew back . . . I struck him with a billie—the thing I had at the time." Certainly, petitioner's action in twice jerking his arm free of the grasp of a police officer attempting to effect an arrest does not constitute speech or symbolic speech and, therefore, the arrest did not infringe his First and Fourteenth Amendment rights.[2]

---

1. Were the court to reach the merits of petitioner's contentions, it would adhere to the opinion recently enunciated by Chief Judge James Turk, and declare Virginia's disorderly conduct statute facially invalid. Squire v. Pace, 380 F.Supp. 269 (W.D.Va.1974).

2. An additional contention which petitioners assert in their memorandum supporting their petitions for habeas corpus, but not in the petitions themselves, is that Steven Wright, as the subject of an illegal arrest, and Clarence Wright, as a person in close relationship of consanguinity, could resist by reasonable force the illegal arrest pursuant to an unconstitutional statute effected upon Steven. The Supreme Court of Virginia would not have considered this contention since it upheld the disorderly conduct statute thereby foreclosing any consideration of what force might be used to resist an illegal arrest. Likewise, this court is unable to reach this contention because it is prevented, on jurisdictional grounds, from ruling on the constitutionality of the disorderly conduct conviction. The only context in which the court might consider this contention is pursuant to a determination as to whether Steven Wright's resisting arrest conviction and Clarence Wright's assault and battery and resisting arrest convictions were supported by any evidence so as to conform with due process requirements. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). Neither petitioner, however, proffers this issue.

Petitioner Clarence Wright contests the validity of his convictions asserting that they are invalid because: 1) the altercation in which he sought to aid his brother and for his participation in which he was arrested and convicted of assault and battery and resisting arrest, was the means by which he was denied rights of speech protected by the First and Fourteenth Amendments; 2) his convictions depend upon the conviction of his brother for alleged violation of Virginia's disorderly conduct statute which on its face and as applied is unconstitutionally vague and overbroad; 3) his convictions depend upon the conviction of his brother for disorderly conduct and the evidence was insufficient to establish his brother's guilt; and 4) his convictions depend upon the conviction of his brother for disorderly conduct and there being no evidence which would support a conviction for disorderly conduct, all of the convictions violate the due process clause of the Fourteenth Amendment.

Petitioner Clarence Wright's arrest for assault and battery and resisting arrest occurred immediately after Steven Wright's arrest. Clarence witnessed his brother's arrest for disorderly conduct and subsequent action in twice jerking free from the grasp of the arresting officer. Thereupon his brother was "billied" by the arresting officer and Clarence jumped the officer from behind placing his hands around the officer's neck thereby precipitating a deep cut in the officer's neck when he twisted free.

■■ As with Steven, it is obvious that Clarence Wright's conduct was not protected speech or symbolic speech and consequently the arrests did not violate his constitutional rights. Nor does the court find any merit in his contentions that his convictions must be invalidated because they derive from the allegedly unconstitutional arrest of his brother for disorderly conduct. The court did not determine the constitutionality of the statute and, in any case, Clarence Wright lacks standing to assert the in-

vasion of his brother's constitutional rights. *See, e.g.*, United States v. Manarite, 314 F.Supp. 607 (S.D.N.Y.1970).

For the aforementioned reasons, these petitions are hereby ordered dismissed.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioners and to counsel of record.