■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIVE BROWN and ROY BARNETT, Appellants.—Two judgments (one as to each defendant) of the Supreme Court, Queens County, both rendered February 13, 1974 upon resentence, affirmed (cf. *People v Crimmins,* 36 NY2d 230). Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FRANZESE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 19, 1973, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Hopkins, Acting P. J., Cohalan, Brennan and Shapiro, JJ., concur; Martuscello, J., concurs in result, with the following memorandum: While I am in complete agreement with my colleagues that an affirmance is warranted herein, I am impelled to state my own belief that CPL 190.50 requires direct notice to an accused of the pendency of any grand jury proceeding whenever "such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding" (CPL 190.50, subd 5, par [a]). Thus viewed, it is readily apparent that the instant notice, acquired tangentially in the course of the District Attorney's request for an adjournment, was insufficient for the purpose and operated to deprive defendant of an opportunity to appear before that body. Defendant has not, however, been prejudiced thereby, as he has so far failed to indicate any willingness to appear before the Grand Jury in connection with the matter at hand. Under these circumstances, the cited omission can only be regarded as harmless error.