■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN GINSBERG, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 13, 1975, convicting him of perjury in the first degree, after a nonjury trial, and imposing sentence. Judgment affirmed. The evidence adduced amply proves defendant's guilt of perjury in the first degree beyond a reasonable doubt. Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur. [80 Misc 2d 921.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINE LEE, Indicted as LEE CONSTANTINE, Appellant.—Judgment of the Supreme Court, Queens County, rendered February 13, 1974 upon resentence, affirmed *(People v Brown & Barnett,* 47 AD2d 930, mot for lv to app den). Latham, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN MASON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated June 30, 1975, which granted defendant's motion to suppress certain physical evidence. Order reversed, on the law and the facts, and motion denied. In our opinion, the search conducted here by the customs patrol officer at the Brooklyn pier was a "border search" and was proper in all respects (see *United States v Glaziou,* 402 F2d 8; *Henderson v United States,* 390 F2d 805, 808; *People v Dworkin,* 36 AD2d 430, affd 30 NY2d 706). Martuscello, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON R. PINA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 25, 1974, convicting him of criminal possession of stolen property in the first degree, unauthorized use of a vehicle and possession of burglar's tools, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reversing the conviction and sentence for possession of burglar's tools and dismissing the count therefor in the indictment. As so modified, judgment affirmed. The evidence was insufficient to establish beyond a reasonable doubt defendant's guilt of the charge of possession of burglar's tools. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.