■ MARTIN GINSBERG, Respondent-Appellant, v FRANCIS PURCELL, as Nassau County Executive, et al., Appellants-Respondents.—In an action by a former Judge of the Family Court, Nassau County, to recover an unpaid portion of his judicial salary allegedly due and owing, (1) defendants appeal from an order of the Supreme Court, Nassau County, entered April 24, 1979, which granted plaintiff's motion for summary judgment and (2) plaintiff cross-appeals from so much of the same order as failed to award interest. Order modified, on the law, by adding thereto a provision granting interest to the plaintiff from August 31, 1976. As so modified, order affirmed, without costs or disbursements. Plaintiff was appointed as a Judge of the Family Court, Nassau County, in July, 1972 and in November, 1972 was elected to a 10-year term. Following an indictment and trial, plaintiff was convicted on December 27, 1974 of perjury in the first degree, a felony (see Penal Law, § 210.15). On December 31, 1974 the County of Nassau ceased paying plaintiff his judicial salary. On December 1, 1975 this court affirmed plaintiff's conviction *(People v Ginsberg,* 50 AD2d 804) and leave to appeal to the

Court of Appeals was denied on February 4, 1976 (*People v Ginsberg*, 38 NY2d 943). On June 22, 1978 plaintiff commenced the instant action to recover a money judgment in the amount of $81,648 against Nassau County and certain of its officials. The amount sought represents plaintiff's judicial salary from December 31, 1974 (the date the county ceased paying him) to September 1, 1976, the effective date of an amendment to section 22 of article VI of the State Constitution which suspends payment of salary to a Judge who is convicted of a felony pending appellate review. After defendants answered, plaintiff moved for summary judgment on December 29, 1978. Special Term granted the motion. We are constrained to affirm the award of judgment to the plaintiff, on the authority of *Matter of La Carrubba v Klein* (46 NY2d 1009, affg 59 AD2d 99, on the opn of Mr. Justice Shapiro at the App Div). That case, in holding the vacancy provision of section 30 (subd 1, par e) of the Public Officers Law inapplicable to judicial officers, employed the broad-based rationale that the Legislature is constitutionally foreclosed from effecting the removal of a Judge by operation of statute, concluding that (p 103) "The subject of *removal* of judicial officers is governed exclusively by article VI of the Constitution". Under the weight of this reasoning, defendants' central argument—that plaintiff ceased to be a Family Court Judge by virtue of his automatic disbarment as mandated by subdivision 4 of section 90 of the Judiciary Law—must fall. Similarly, the contention that *La Carrubba* is distinguishable because the court there ruled on a later version of section 22 of article VI than the one applicable in the instant case (compare § 22, eff Sept. 1, 1976 with § 22, eff Sept. 1, 1962), ignores the overarching constitutional scheme discerned in that case. We note, finally, that plaintiff is entitled to an award of interest on the judgment, to be computed from the above-specified date (see CPLR 5001). Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.