Martin GINSBERG, Petitioner-Appellant,

v.

Robert ABRAMS, as Attorney General of the State of New York, Respondent-Appellee.

No. 870, Docket 82–2307.

United States Court of Appeals, Second Circuit.

Submitted Feb. 15, 1983.

Decided March 10, 1983.

Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, P.C., Mineola, N.Y. (John M. Armentano, Dolores Fredrich, Mineola,

N.Y., of counsel), submitted a brief for petitioner-appellant.

Dennis Dillon, Dist. Atty., Nassau County, Mineola, N.Y. (Anthony J. Girese, Bruce E. Whitney, Asst. Dist. Attys., Mineola, N.Y., of counsel), submitted a brief for respondent-appellee.

Before LUMBARD, OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

This appeal is taken from a judgment of the United States District Court for the Eastern District of New York, I. Leo Glasser, Judge, dismissing a petition for a writ of habeas corpus on grounds that petitioner was not a "prisoner" "in custody," as required by 28 U.S.C. § 2241(c). Petitioner's argument that his removal from the bench of the Nassau Family Court, the revocation of his professional license to practice law, and his disqualification from being licensed as a real estate broker or insurance agent so greatly limited his economic mobility as to constitute "custody" is rejected and the dismissal of the petition is affirmed. Petitioner was convicted in the County Court of Nassau County, New York, of perjury before a grand jury looking into his receipt of money while serving as a New York State Assemblyman. *People v. Ginsberg,* 80 Misc.2d 921, 364 N.Y.S.2d 260 (1974), *aff'd,* 50 A.D.2d 804, 375 N.Y.S.2d 855 (2d Dep't 1975). He was sentenced to an unconditional discharge, a disposition that entails neither imprisonment, fine, nor probation supervision. New York Penal Law § 65.20 (McKinney 1975). *Fleming v. Abrams,* 522 F.Supp. 1203 (S.D.N.Y.1981), *aff'd,* 697 F.2d 290 (2d Cir.1982); *Ostrer v. Aronwald,* 434 F.Supp. 396, 398–99 (S.D.N.Y.), *aff'd,* 567 F.2d 551 (2d Cir.1977).