786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN HALL THOMAS, Petitioner-Appellant,
v.
UNITED STATES MARSHAL, LEXINGTON, KENTUCKY; UNITED STATES
DISTRICT COURT, EASTERN DISTRICT, TYLER DIVISION
AND THE TEXAS BOARD OF MEDICAL
EXAMINERS, Respondents-Appellees.
 85-5762
 United States Court of Appeals, Sixth Circuit.
 2/27/86
 
 E.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT and NELSON, Circuit Judges.
 This matter is before the Court on the motion of this pro se appellant (a physician) for release pending appeal from the district court order denying appellant's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 On April 15, 1983, the district court for the Eastern District of Texas entered judgment pursuant to appellant's plea of guilty to one count of violating 21 U.S.C. Sec. 841(a)(1) (knowingly and intentionally unlawfully dispensing a Schedule II non-narcotic controlled substance). The Court of Appeals for the Fifth Circuit affirmed the judgment, and the Supreme Court denied certiorari. Pursuant to the judgment of April 15, 1983, appellant was ordered to report to the U.S. Marshal to begin serving sentence. Appellant is apparently now incarcerated at the Federal Correctional Institute at Lexington, Kentucky.
 On February 13, 1984, appellant filed a 'Petition for Writ of Habeas Corpus,' purportedly pursuant to 28 U.S.C. Sec. 2241, in which he contends that his conviction was illegal because of various constitutional violations. He sought to: 1) be released from custody; 2) have the judgment of conviction vacated as illegal; and 3) have the order of the Texas Board of Medical Examiners revoking and cancelling his medical license vacated.
 
 
 1
 The district court determined that appellant's petition attacked the imposition of his sentence rather than the execution thereof and concluded that the petition was properly construed as a motion to vacate sentence under 28 U.S.C. Sec. 2255. The proper court to review the petition is therefore the sentencing court--the district court for the Eastern District of Texas. A review of the petition leads this Court to the same conclusion as that reached by the district court; i.e., the petition is seeking Sec. 2255 relief. Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979). Cf. Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir. 1977). The proper court to review such a petition is the sentencing court. United States v. Addonizio, 442 U.S. 178 (1979); 28 U.S.C. Sec. 2255.
 
 
 2
 With respect to appellant's attack on the revocation of his medical license by the appellee Texas Board of Medical Examiners, the district court correctly concluded that it did not have personal jurisdiction over that entity. It is clear that appellant is not 'in custody' of the Board within the meaning of the habeas corpus statutes. See, e.g., Ginsberg v. Abrams, 702 F.2d 48 (2d Cir. 1983); Braden v. 50th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). It is equally clear that the Board is not a proper party in a Sec. 2255 proceeding, since it had nothing to do with appellant's criminal prosecution.
 
 
 3
 It appears that the questions on which this case depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court be affirmed and the motion for release pending appeal be denied as moot.