**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARGIE J. PHELPS,

      Petitioner-Appellant,

v.

MICHAEL BARBARA, in his official
capacity as Judge of the Third Judicial
District, Retired, Assigned; CARLA J.
STOVALL, in her official capacity as
Attorney General; JOHN BORK, in his
official capacity as Assistant Attorney
General and Assigned Special
Prosecutor,

      Respondents-Appellees.

No. 97-3385
(D.C. No. 97-CV-3110)
(D. Kan.)

---

ORDER AND JUDGMENT  *

---

Before **ANDERSON, BARRETT,**   and **EBEL** , Circuit Judges.

---

   *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellant Margie J. Phelps appeals from the district court's order dismissing her petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her petition, Ms. Phelps sought dismissal or reversal of a state court finding of criminal contempt.  In the alternative, she sought the same relief under 42 U.S.C. §§ 1983 and 1988.  The district court dismissed her claim for habeas relief on the basis that she had failed to satisfy the "in custody" requirement of § 2254.  It further dismissed her §§ 1983 and 1988 claims finding that they constituted an impermissible collateral attack on her state court conviction.

The contempt finding against Ms. Phelps arose out of her conduct in St. David's Episcopal Church v. Westboro Baptist Church, No. 94-CV-967, a civil action filed on June 13, 1994 in the Third Judicial District Court, Shawnee County, Kansas.  St. David's Episcopal Church (St. David's) filed the action seeking to prevent members of Westboro Baptist Church (Westboro) from harassing or assaulting members of St. David's as they entered the church. Ms. Phelps served as attorney for Westboro.  Judge Michael Barbara, a retired district court judge and a law professor, was assigned to hear the case.

On July 21, 1994, Judge Barbara entered a temporary restraining order imposing limitations on picketing by Westboro members at St. David's. On August 14, 1994, Fred W. Phelps, Sr., Ms. Phelps' father, stated on a Topeka radio program known as the "Old School Baptist Hour" that Judge Barbara had acted immorally and unlawfully in his private life and in a manner which reflected on his fitness to be a law professor.

On September 14, 1994, Ms. Phelps filed a motion for change of judge in the St. David's case. During a hearing on this motion on September 20, 1994, Ms. Phelps presented Judge Barbara with a transcript of Mr. Phelps' statement and had it marked as an exhibit for identification purposes. Judge Barbara reviewed the exhibit, stated that it contained contemptuous language, and told Ms. Phelps that if she persisted in offering it, she might face contempt proceedings. She withdrew the exhibit.

Judge Barbara thereafter issued an order directing Ms. Phelps to show cause why she should not be held in contempt. Following a hearing in the contempt proceedings, Judge Barbara found her in direct criminal contempt. He ordered her to be removed as counsel in the St. David's case, fined her $500 plus one-half of the cost of proceedings, and prohibited her from practicing law in the Third Judicial District until the fine was paid. The Kansas Court of

Appeals upheld the contempt conviction. The Kansas Supreme Court denied Ms. Phelps' motion for review.

Federal courts are empowered to grant habeas corpus relief to persons "in custody pursuant to the judgment of a State court," where that custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Although the statute refers to persons "in custody," a petitioner need not show that she is in actual, physical custody to obtain relief. See Maleng v. Cook, 490 U.S. 488, 491 (1989). It is sufficient to show that her conviction has made her subject to "severe restraints on [her] individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Restraints are severe when they exceed those which the state imposes upon the public generally, see Jones v. Cunningham, 371 U.S. 236, 242-43 (1963), and when they "significantly restrain [the] petitioner's liberty to do those things which in this country free men are entitled to do," id. at 243.

Courts have generally held that a person sentenced only to a fine or restitution is not "in custody" within the meaning of the habeas statute. See Barry v. Bergen County Probation Dep't, 128 F.3d 152, 160 (3d Cir. 1997), cert. denied, 118 S. Ct. 1097 (1998); Edmunds v. Won Bae Chang, 509 F.2d 39, 41-42 (9th Cir. 1975). Ms. Phelps acknowledges these precedents, but argues that she faces consequences which exceed those present in the typical "fine only" case.

She notes that as the result of her contempt conviction she faces the necessity of paying court costs, that she has been "disbarred" from the Third Judicial District of Kansas until the fine has been paid, that she has been "disbarred" from serving as attorney for Westboro in the St. David's case, that she has been required to post a bond, that she has had professional disciplinary proceedings instituted against her, and that she faces disciplinary action against her by her employer, the Kansas Department of Corrections Human Resources Division.

We agree with the district court that even in view of these additional consequences, Ms. Phelps is not "in custody" within the meaning of the habeas statute. First, she fails to show that court costs should be treated any differently than a fine. See Sandoval v. Municipal Court, No. 97-2098, 1998 WL 30240, at **1 (10th Cir. Jan. 9, 1998) (holding combination of fine and court costs did not constitute custody); Wright v. Bailey, 381 F. Supp. 924, 925 (W.D. Va. 1974), aff'd, 544 F.2d 737 (4th Cir. 1976). The restrictions on her ability to practice law and the risk of disciplinary action against her as an attorney do not constitute custody. See Ginsberg v. Abrams, 702 F.2d 48, 49 (2d Cir. 1983) (holding that petitioner's removal from the bench, loss of license to practice law, and disqualification from being licensed as a real estate broker or insurance agent was

not custody). [1] Potential disciplinary action by her employer, similarly, does not constitute custody, even though it may "greatly [limit her] economic mobility." Id. Finally, Ms. Phelps does not contest the appellees' contention that the bond which she posted was a supersedeas bond for purposes of taking appeal, rather than a bond to secure her release from incarceration. The cases she cites in which prisoners released on bond have been considered "in custody" for habeas purposes are therefore inapplicable. Considering all of the alleged restrictions in combination, we conclude that the restraint on Ms. Phelps' liberty is insufficient to constitute custody for purposes of the habeas statute. The district court acted properly in dismissing her habeas claims.

We turn, therefore, to her alternative argument, that she is entitled to relief on her civil rights claims pursuant to 42 U.S.C. §§ 1983 and 1988. The district court also acted properly in dismissing these claims.

_____

[1] Ms. Phelps cites a number of cases in which courts have held that a habeas petition was not moot because the petitioner remained subject to professional discipline. See, e.g., Watson v. Block, 102 F.3d 433, 437 n.3 (9th Cir. 1996), rev'd on other grounds, Pounders v. Watson, 117 S. Ct. 2359 (1997); Zal v. Steppe, 968 F.2d 924, 926 (9th Cir. 1992). We do not find these cases persuasive here. They concern the question of whether sufficient collateral consequences remained to present a live controversy after a sentence of incarceration had been served. Custody and collateral consequences are two separate issues. See Maleng, 490 U.S. at 491-92; see also United States v. Keane, 852 F.2d 199, 202 (7th Cir. 1988) ("Civil disabilities (collateral consequences) may prevent a challenge begun during imprisonment from becoming moot on release, but civil disabilities alone are not 'custody' authorizing collateral litigation." (citation omitted)).

A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court. Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.

Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) (citations and quotations omitted).

Ms. Phelps' constitutional challenge is "inextricably intertwined" with the state court decision. See id. She acknowledges the force of this rule, but argues that her circumstances place her within one or more purported exceptions to it. We have reviewed her arguments concerning the alleged exceptions, and do not find them persuasive.

The judgment of the United States District Court for the District of Kansas is therefore AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM