**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARYL F. FIELDS,

        Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

        Respondent-Appellee.

No. 07-6052

(W.D. of Okla.)

(D.C. No. CV-06-1265-HE)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Daryl Fields, appealing *pro se*, seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Applying this Circuit's "firm waiver" rule, we affirm the district court's order and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Daryl Fields challenges his conviction for Possession of Drug Paraphernalia, entered pursuant to a guilty plea. He claims that he was denied effective assistance of counsel and was subjected to an illegal search and seizure.

Fields is currently in custody at the Enid Correctional Center in Oklahoma, serving time for a conviction unrelated to the one challenged in the present petition. He admits that his only sentence for the challenged conviction was a fine of $300 imposed in August of 2005. Fields did not appeal the conviction, but sought post-conviction relief through the Oklahoma courts. The Oklahoma courts denied relief, with the Oklahoma Court of Criminal Appeals declining to exercise jurisdiction over the post-conviction appeal because Fields had not complied with the appellate court's procedural rules governing the timely filing of an appeal in a post-conviction proceeding.

The magistrate judge hearing Fields's petition found in his Report and Recommendation that the federal courts lacked jurisdiction to hear the claim, because Fields was not in custody as required by 28 U.S.C. § 2554(a). The magistrate judge then notified Fields that failure to object in a timely manner to the Report and Recommendation waived his right to appellate review of both the factual and legal issues contained therein. In a letter dated January 4, 2007, Fields contacted the clerk for the Western District of Oklahoma to explain that he lacked access to legal materials and documents at the Enid Correctional Center

and requested assistance in obtaining "the proper documents." Document 9.

Since Fields's letter did not identify the materials or documents sought, the district court construed the letter as a request for an extension of time to respond to the Report and Recommendation. The district court granted the request and extended the filing deadline to February 1, 2007. Fields did not file his objection by the February 1 deadline.

## II. Analysis

We have adopted a firm waiver rule such that a party failing to object in a timely manner to a magistrate judge's findings and recommendations waives appeal on the legal and factual issues presented in the case. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). The only exceptions to the rule are "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.* The first exception does not apply here as the magistrate judge clearly warned Fields of the consequences of failing to timely object and the relevant deadline.

Fields asserts the second exception whereby the interests of justice require us to review his claim. Our interests of justice standard incorporates a plain error review, where we review in essence for a miscarriage of justice. *Id.* at 1122.[1]

---

[1] We note that we have also considered the force and plausibility of a *pro se* litigant's explanation for non-compliance. *Morales-Fernandez*, 418 F.3d at

(continued...)

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1122–23. Fields does not meet these elements.

In the case before us, the magistrate judge and district court denied Fields's petition because he had not established that he was in custody as required by § 2254. The "in custody" requirement must be satisfied for habeas corpus jurisdiction. *Carter v. United States*, 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied*, 469 U.S. 1161 (1985). "A petitioner need not show actual, physical custody to obtain relief." *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1208 (10th Cir. 1999). But courts have generally held that a person sentenced to only a fine or restitution is not "in custody." *Barry v. Bergen County Probation Dep't*, 128 F.3d 152, 160 (3d Cir. 1997), *cert. denied*, 522 U.S. 1136 (1998), *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988), *cert. denied*, 490 U.S. 1084 (1989); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982), *see also Phelps v. Barbara*, No. 97-3385, (10th Cir. Oct. 7, 1998), *cert. denied*, 525 U.S. 1146 (1999). Because Fields suffered only a criminal fine, he is not in custody as required by the federal habeas statutes.

---

[1](...continued)
1120. In this case, Fields provides a letter explaining why he could not comply with the original January deadline for objecting to the magistrate judge's Report and Recommendation, but offers no explanation for his failure to meet the extended February 1 deadline.

Accordingly, the district court did not err, let alone plainly err, in finding a lack of habeas jurisdiction.

### III. Conclusion

For the reasons above we DENY Fields's application for a COA and DISMISS this appeal. In addition, we DENY his application to proceed IFP.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge