**Joel Christopher HOLMES, Petitioner–Appellant,**

v.

**Daniel SATTERBERG; King County Attorney Office, Respondents– Appellees.**

No. 11–36069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2013.

Filed Feb. 14, 2013.

Corey Endo, Federal Public Defender's Office, Seattle, WA, for Petitioner–Appellant.

Joel Christopher Holmes, Seattle, WA, pro se.

Amy Meckling, King County Prosecuting Attorney's Office, Seattle, WA, for Respondents–Appellees.

Before: FISHER, GOULD and PAEZ, Circuit Judges.

MEMORANDUM *

Joel Holmes appeals the district court's dismissal of his habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The district court properly dismissed Holmes' habeas petition because Holmes was not "in custody" for purposes of habeas jurisdiction at the time he filed his petition. *See* 28 U.S.C. § 2254; *Bailey v. Hill,* 599 F.3d 976, 978–79 (9th Cir.2010). The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)). The state court's order that Holmes "shall have no contact with" the victims of his harassment did not place a "severe" and "immediate" restraint on Holmes' individual liberty, *Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), and thus does not render him "in custody" for habeas purposes. *See Williamson v. Gregoire,* 151 F.3d 1180, 1183 (9th Cir.1998) (collecting cases holding that the imposition of a fine, suspension of one's driver's license, revocation of one's law license or disqualification as a real estate broker and insurance agent are merely "collateral consequence[s] of conviction and do[ ] not meet the 'in custody' requirement"). Although Washington state law is not entirely clear on the elements of a no contact order violation, it is highly speculative that accidental contact would violate the order—say, if Holmes happened to make eye contact from "across a crowded room," *Some Enchanted Evening,* South Pacific (1949). *See Dremann v. Francis,* 828 F.2d 6, 7 (9th Cir. 1987) (concluding that where a significant restraint on liberty was merely speculative, federal habeas protection was not warranted). Accordingly, the district court did not have subject matter jurisdiction and properly dismissed the petition.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.