17-1129-pr
*Chandler v. State of Vermont, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand eighteen.

Present:
>    PIERRE N. LEVAL,
>    GUIDO CALABRESI,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges*.

---

CHARLES CHANDLER,

>        *Petitioner-Appellant*,

>        v.                                                17-1129-pr

STATE OF VERMONT, THOMAS J. DONOVAN, JR., ATTORNEY GENERAL OF VERMONT,

>        *Respondent-Appellee*.[*]

---

For Petitioner-Appellant:         WILLIAM MASELLI, Portland, ME.

For Respondent-Appellee:          BENJAMIN D. BATTLES, Solicitor General, *for* Thomas J. Donovan, Jr., Attorney General of Vermont.

---

[*]  The Clerk is directed to conform the official caption to the caption on this order.

1

Appeal from a March 21, 2017 judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Charles Chandler appeals a March 21, 2017 dismissal of his petition for habeas corpus by the United States District Court for the District of Vermont (Crawford, *J.*). The district court dismissed the petition because Chandler, who finished serving his prison sentence before he filed his federal petition for habeas corpus, was not "in custody" for purposes of 28 U.S.C. § 2254. This appeal followed. "We review *de novo* a district court's dismissal of a § 2254 petition, including whether a petitioner was 'in custody' at the time of filing." *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### 1. Background

In 2006, Chandler was arrested and charged with impeding a public officer in violation of Vt. Stat. Ann. tit. 13, § 3001 when he tried to prevent volunteer firemen from putting out a brushfire on his property. *State v. Chandler*, No. 2010-135, 2011 WL 4974829, at *1 (Vt. Jan. 27, 2011). He was convicted after a jury trial and sentenced to serve a twenty-nine-to-thirty-day custodial sentence. The Vermont Supreme Court affirmed this conviction and sentence. *Id.*

While serving his sentence, Chandler filed a petition for post-conviction relief in state court, arguing that he had received ineffective assistance of counsel at his criminal trial because his attorney had failed adequately to prepare for the trial, had made a series of tactical errors during the trial, and had been biased against Chandler. To support the last point, Chandler provided a transcript of a voicemail his attorney left him before trial in which the attorney requested that

2

Chandler pay him for his services, while making crude, offensive comments directed at Chandler. Chandler was released from custody while this petition was pending. The state trial court then dismissed the petition for lack of jurisdiction because he was no longer in custody. The Vermont Supreme Court reversed the trial court's dismissal because Chandler had been in custody when he filed the petition. *See In re Chandler*, 67 A.3d 261, 263–70 (Vt. 2013). On remand, the trial court granted summary judgment to the state on Chandler's ineffective assistance claim, concluding that without expert testimony as to prevailing norms in the legal profession and whether the outcome in Chandler's case would have been different if Chandler had had better counsel, Chandler could not and had not made out his ineffective assistance claim. The Vermont Supreme Court affirmed, holding that Chandler's ineffective assistance of counsel claim was meritless. *See Chandler v. State*, No. 2014-375, 2015 WL 2383669, at *2–4 (Vt. May 14, 2015).

Chandler filed a habeas petition in the United States District Court for the District of Vermont in July 2016, arguing that he had received ineffective assistance of counsel in his state court trial. In December 2016, the magistrate judge recommended that the petition be dismissed for lack of jurisdiction because Chandler was not "in custody" when he filed his federal petition for purposes of 28 U.S.C. § 2254. The district court adopted the magistrate judge's report and recommendation and dismissed the petition on March 21, 2017. Chandler filed a timely notice of appeal, and we granted him a certificate of appealability on September 5, 2017.

## 2. Analysis

Only those "in custody" at the time a habeas petition is filed may petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006). This "requirement may be satisfied by restraints other than 'actual, physical custody' incarceration," such as when a petitioner "is subject to a significant restraint upon her physical

liberty 'not shared by the public generally.'" *Vega*, 861 F.3d at 74 (quoting *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963)). Chandler argues that the district court erred in holding that he was not in "custody," and thus that it lacked jurisdiction over his petition, because he is subject to "significant physical restraints." In addition, he contends that a plurality of the Supreme Court has suggested that a person no longer in custody may petition for a writ of habeas corpus under § 2254 if the state court "without justification, refuse[d] to rule on a constitutional claim that has been properly presented to it," *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 405 (2001) (O'Connor, *J.*, plurality), and that he qualifies under that purported exception to the custody requirement. We disagree.

First, even if some of the legal restrictions to which Chandler says he is subject might conceivably satisfy the custody requirements, which is dubious because they "do not impose a severe restraint on individual liberty," *Vega*, 861 F.3d at 74, Chandler does no more than give speculative suggestions as to whether, when, and how they might attach. That is, they are not sufficient. Accordingly, the district court did not err in holding that Chandler was not "in custody."

Second, the *Lackawanna* plurality exception was discussed in the context of a petitioner "challeng[ing] an enhanced sentence on the basis that [] prior conviction[s] used to enhance the sentence" were invalid. 532 U.S. at 404 (majority opinion); *see also Dubrin v. People of California*, 720 F.3d 1095, 1097 (9th Cir. 2013) (characterizing the exception as limited to those cases). It is thus not apposite here. Even assuming *arguendo* that the *Lackawanna* plurality exception could apply, moreover, the state court *did* rule on the merits of his ineffective assistance of counsel claim. The Vermont Supreme Court explained that Chandler failed to show both how his trial counsel's performance "fell below the standards for competent counsel under the prevailing norms and the circumstances of his particular case" and that "the outcome of his trial

4

probably would have been different if trial counsel had done what Chandler claims he should have done." *Chandler*, 2015 WL 2383669, at \*4. Chandler's assertion that he was "barred from presenting his claims altogether" because he did not present any expert witness testimony is simply incorrect. Pet'r-Appellant Br. 14. Therefore, his invocation of the *Lackawanna* exception fails.

\*   \*   \*

We have considered Chandler's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5