RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0098p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

        *v.*

No. 08-5018

ERNEST WAYNE ANGLIN,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 04-00013—Todd J. Campbell, Chief District Judge.

Submitted: February 25, 2009

Decided and Filed: April 7, 2010

Before: MOORE and GILMAN, Circuit Judges; RUSSELL, Chief District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** Caryll S. Alpert, Michael C. Holley, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Byron M. Jones, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

        RONALD LEE GILMAN, Circuit Judge. Ernest Wayne Anglin pled guilty to a single count of bank robbery. The district court originally sentenced him to 168 months of imprisonment, based in part on its conclusion that Anglin's prior conviction under the federal escape statute was a "crime of violence" for the purpose of determining

_____

        [*]The Honorable Thomas B. Russell, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

his status as a career offender.  On appeal, this court remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), but affirmed the district court's conclusion that Anglin's federal escape conviction was properly considered a crime of violence.

Anglin was resentenced to 151 months of imprisonment on remand.  He appeals once more, again arguing that his conviction under the federal escape statute was not a crime of violence.  Based on intervening decisions by the Supreme Court and this court, we **REVERSE** the judgment of the district court and **REMAND** the case for resentencing consistent with this opinion.

## I.  BACKGROUND

In June 2004, Anglin was indicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Anglin pled guilty in September 2004.  The Presentence Report (PSR) concluded that Anglin should be sentenced as a career offender under U.S. Sentencing Guideline (U.S.S.G.) § 4B1.1 because he had two prior convictions for "crimes of violence": a 1984 Tennessee conviction for burglary and a 1995 conviction for violating the federal escape statute, 18 U.S.C. § 751(a).  Anglin conceded the existence of both convictions, but contended that they were not crimes of violence.  The district court rejected his arguments.  Based on Anglin's career-offender status, the district court then calculated a Sentencing Guidelines range of 151 to 188 months and ultimately sentenced Anglin to 168 months' imprisonment, three years of supervised release, $266 in restitution, and a special assessment of $100.

Anglin appealed, arguing that the district court erred by treating the Guidelines as mandatory.  Finding Anglin's argument meritorious, this court remanded the case for resentencing under *Booker*.  *United States v. Anglin*, 169 F. App'x 971, 975 (6th Cir. 2006) (*Anglin I*).  The court, "in the interests of judicial economy," also addressed Anglin's argument that his 1995 federal escape conviction was not a crime of violence. *Id*. at 973.  It stated that "we need not examine the specifics of Anglin's escape, and we

hold that the district court did not err in its guideline calculations by treating the escape conviction as a crime of violence." *Id*. at 975.

In December 2007, Anglin was resentenced to 151 months of imprisonment, again over his objection to considering his 1995 conviction as a crime of violence. Anglin has timely appealed his new sentence, limiting his argument to the issue of whether his conviction for violating the federal escape statute was a crime of violence.

## II.  ANALYSIS

### A.     Standard of review

We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. Williams*, 411 F.3d 675, 677 (6th Cir. 2005).

### B.     Anglin's career-offender status

U.S.S.G. § 4B1.1(a)  provides that a defendant should be sentenced as a career offender, and thus subject to harsher penalties, if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A crime of violence, in turn, means

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  Anglin was previously convicted of violating the federal escape statute, 18 U.S.C. § 751(a), which provides that

> [w]hoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both.

Because this statute does not include the actual, attempted, or threatened use of physical force as one of its elements, and because escape is not one of the crimes specifically enumerated in U.S.S.G. § 4B1.2(a), the relevant issue is whether a violation of § 751(a) "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

To answer this inquiry, we must first ask whether the crime presents "a serious potential risk of violence akin to the listed crimes." *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). We next determine if the crime of escape involves "the same kind of 'purposeful, violent, and aggressive conduct' as the listed crimes." *Id.* (quoting *Begay v. United States*, 553 U.S. 137 (2008)). In answering these questions, we generally use a "categorical" approach, in which we look to the statutory elements of the crime, rather than the facts underlying the specific conviction at issue. *Id.* at 422. But, "[i]f it is possible to violate a criminal law in a way that amounts to a crime of violence and in a way that does not, we may look at the indictment, guilty plea and similar documents to see if they 'necessarily' establish the nature of the prior offense." *Id.* We must also keep in mind that whether a prior conviction is a crime of violence is a matter of federal law, regardless of whether the defendant was convicted of violating a federal escape statute or a state escape statute. U.S.S.G. § 4B1.2(a).

This court held in *Anglin I* that a § 751(a) escape conviction is categorically a crime of violence, without regard to the particular circumstances of the offender's conviction. *Anglin I*, 169 F. App'x at 975. Many other circuits had reached a similar conclusion. *See, e.g.*, *United States v. Bryant*, 310 F.3d 550, 553-54 (7th Cir. 2002); *United States v. Ruiz*, 180 F.3d 675, 677 (5th Cir. 1999); *United States v. Dickerson*,

77 F.3d 774, 777 (4th Cir. 1996).  Indeed, when *Anglin I* was decided, Sixth Circuit caselaw held that all escape convictions were crimes of violence.  *See Ford*, 560 F.3d at 423.

The government argues that the "law of the case" mandates that we adhere to *Anglin I*'s holding.  "As most commonly defined, the doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (alterations and citation omitted). This rule, however, is not absolute.  "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  *Id.* at 817 (citation and internal quotation marks omitted).

Two intervening cases have undermined *Anglin I*'s conclusion and force us to reconsider the issue.  The first is *Chambers v. United States*, 129 S. Ct. 687 (2009), where the Supreme Court held that a conviction for a "failure to report" under an Illinois statute was not a "violent felony" for the purposes of the Armed Career Criminal Act (ACCA).  *Id.* at 691, 693.  (A crime of violence under U.S.S.G. § 4B1.2(a) and a violent felony under ACCA are treated the same because the laws contain materially similar definitions.  *See Ford*, 560 F.3d at 421.)  The defendant, Chambers, had been sentenced to 11 weekends of incarceration, but had failed to report to the prison on four occasions. *Chambers*, 129 S. Ct. at 690.  Chambers was convicted of violating the Illinois escape statute, titled "Escape; failure to report to a penal institution or to report for periodic imprisonment," which provides that

> [a] person convicted of a felony or charged with the commission of a
> felony . . . who intentionally escapes from any penal institution or from
> the custody of an employee of that institution commits a Class 2 felony;
> however, a person convicted of a felony . . . who knowingly fails to
> report to a penal institution or to report for periodic imprisonment at any
> time or knowingly fails to return from furlough or from work and day

> release or who knowingly fails to abide by the terms of home confinement is guilty of a Class 3 felony.

720 Ill. Comp. Stat. 5/31-6(a).  Because the statute prohibits several different types of conduct, the Supreme Court stated that it "must decide whether for ACCA purposes a failure to report counts as a separate crime."  *Chambers*, 129 S. Ct. at 691. It then went on to determine that a failure to report is indeed a separate crime:

> [W]e believe that a failure to report . . . is a separate crime, different from escape . . . , and from the potentially less serious failure to abide by the terms of home confinement . . . . The behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody.  Moreover, the statute itself not only lists escape and failure to report separately (in its title and its body) but also places the behaviors in two different felony classes . . . of different degrees of seriousness.
>
> At the same time, we believe the statutory phrases setting forth various kinds of failure to report (or to return) describe roughly similar forms of behavior.  Each is characterized by a failure to present oneself for detention on a specified occasion. All amount to variations on a single theme.  For that reason we consider them as together constituting a single category.  We consequently treat the statute for ACCA purposes as containing at least two separate crimes, namely escape from custody on the one hand, and a failure to report on the other.

*Id*. (citations omitted).  Finally, the Court concluded that a failure to report is not a violent felony because "the crime amounts to a form of inaction, a far cry from the purposeful, violent, and aggressive conduct" at issue in the enumerated crimes.  *Id*. at 692 (internal quotation marks omitted).

The other intervening case is *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009), where this court applied *Chambers* to hold that a "walkaway escape" under Kentucky law is a not a crime of violence under U.S.S.G. § 4B1.1.  *Id*. at 426.  Ford was convicted of violating Ky. Rev. Stat. § 520.030, which provides that "[a] person is guilty of escape in the second degree when he escapes from a detention facility or, being charged with or convicted of a felony, he escapes from custody."  To determine whether a violation of this provision is a crime of violence under federal law, the *Ford* court specifically

drew a distinction between escape from a secured setting and "walking away," even though the statute itself does not make such a distinction.  The court reasoned as follows:

> Much as failures to report to custody represent a distinct form of escape, . . . so do walkaways. There is a difference between individuals who overcome physical barriers to freedom and those who walk off the grounds—those in other words who leave a facility without removing a physical restraint, without breaking a lock on a door, without climbing over a prison wall or security fence or without otherwise breaking through any other form of security designed to keep them put. An unauthorized departure from a halfway house comes to mind, as does an unauthorized departure from an unsecured facility.

*Ford*, 560 F.3d at 424 (citations omitted). The court also noted that "a walkaway escape does not present the *risk* of physical injury to others" nor involves "the same *type* of 'purposeful, violent, and aggressive' conduct that the listed crimes of violence do." *Id.* at 424-25 (emphases in original) (quoting *Chambers*, 129 S. Ct. at 692).

In light of *Chambers* and *Ford*, *Anglin I*'s holding that a conviction under the federal escape statute is categorically a crime of violence is no longer good law.  *See, e.g.*, *United States v. Hart*, 578 F.3d 674, 681 (7th Cir. 2009) (holding that, in light of *Chambers*, a violation of § 751(a) is not a crime of violence as a categorical matter); *United States v. Charles*, 576 F.3d 1060, 1069 (10th Cir. 2009) (applying *Chambers* and *Ford* in remanding the case for the district court to determine whether the defendant's conviction under § 751(a) was a crime of violence); *Addo v. Att'y Gen.*, No. 05-4076, 2009 WL 4755712, *4-5 (3d Cir. Dec. 14, 2009) (applying *Chambers* and holding that an immigrant's conviction under § 751(a) for failing to return to a community treatment center is not a crime of violence for removal purposes).

*Anglin I*, like other pre-*Chambers* cases from this circuit and others, turned on the reasoning that "every escape scenario is a powder keg" because "[a] defendant who escapes from jail is likely to possess a variety of supercharged emotions" and "violence could erupt at any time." *Anglin I*, 169 F. App'x at 974 (citation omitted).  Under this theory, even a walkaway escape presents "a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody." *Id.* (citation

omitted).  Plainly, after *Chambers* and *Ford*, the powder-keg theory has little, if any, continuing persuasiveness.

Like the Kentucky statute at issue in *Ford*, § 751(a) prohibits a broad range of behavior, including an escape with the use of force at one end and a failure to report at the other.  *See Hart*, 578 F.3d at 681 ("[T]he federal escape statute covers a wide range of conduct, from violent jailbreaks to quiet walkaways to passive failures to report.").  It thus encompasses at least three distinct crimes:  (1) failure to report, (2) so-called walkaway escapes, and (3) other escapes, the latter category including escapes from secure facilities and escapes using force or the threat of force.  Under *Chambers*, a § 751(a) conviction for failing to report is not a crime of violence under U.S.S.G. § 4B1.1.  *See Chambers*, 129 S. Ct. at 693.  Similarly, under *Ford*, a walkaway escape under § 751(a) is not a crime of violence for career-offender purposes.  *See Ford*, 560 F.3d at 426.

The record in the present case is insufficient for us to determine the nature of Anglin's § 751(a) conviction.  The PSR states that the escape conviction stemmed from Anglin's leaving a prison camp in Alabama.  But as this court has previously held, factual information contained in a PSR may not be considered in determining the nature of a defendant's prior conviction.  *United States v. Wynn*, 579 F.3d 567, 575-76 (6th Cir. 2009); *United States v. Bartee*, 529 F.3d 357, 361 (6th Cir. 2008).  The statements in Anglin's PSR, moreover, do not resolve the question of whether his escape should be considered a crime of violence.

On remand, in determining whether Anglin qualifies as a career offender, the district court should consider "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information."  *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. Baker*, 559 F.3d 443, 455 (6th Cir. 2009) (cautioning that the Supreme Court has limited district judges to consideration of the sources listed in *Shepard*); *Bartee*, 529 F.3d at 359 (same).

The government bears the burden of proving that Anglin's 1995 escape conviction was a crime of violence under U.S.S.G. § 4B1.1(a). *See Baker*, 559 F.3d at 455 n.10. If the government does not meet its burden, the district court may not use Anglin's escape conviction to resentence him as a career offender.

## III. CONCLUSION

For all of the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** the case with instructions to determine whether Anglin's § 751(a) conviction should be categorized as a crime of violence in light of *Chambers* and *Ford*.