NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0702n.06

No. 09-5202

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 15, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,              )
                                             )
v.                                           )   On Appeal from the United States
                                             )   District Court for the Middle
MARVIN D. KINSEY,                            )   District of Tennessee
                                             )
    Defendant-Appellant.             )
                                             )

Before:      BOGGS, MOORE, and SUTTON, Circuit Judges.

        BOGGS, Circuit Judge.  Marvin Kinsey, a federal prisoner, failed to return to a halfway house and, after being apprehended, pled guilty to a violation of 18 U.S.C. § 751(a), the federal escape statute.  The sentencing judge determined that Kinsey's offense constituted a "crime of violence" for purposes of the Sentencing Guidelines and, pursuant to the "career offender" provisions, sentenced him to 37 months in custody.  We reverse.

I

        Kinsey's escape conviction arose out of his brief stay at a halfway house in Nashville.  On December 28, 2007, the Federal Bureau of Prisons transferred Kinsey to the halfway house to serve the balance of his 51-month sentence for an earlier conviction.  Kinsey was permitted to leave the halfway house to work, and although Kinsey understood that it was a crime not to return to the halfway house at the designated time, on March 25, 2008, he failed to return as required and was

placed on escape status. On April 4, 2008, an officer stopped Kinsey's vehicle. Kinsey fled on foot and was apprehended three weeks later by the United States Marshals Service. Kinsey was charged with federal escape in June 2008, and he pled guilty as charged on August 11, 2008.

The probation officer calculated Kinsey's Guidelines range to be 27 to 33 months. The base offense level for Kinsey's violation of 18 U.S.C. § 751(a) is 13, and after subtracting two levels for Kinsey's acceptance of responsibility, the officer attributed to Kinsey a total offense level of 11. Kinsey had a long criminal history, encompassing over twenty individual convictions. As a result, the probation officer determined that Kinsey had 19 criminal history points, which placed him in criminal history category VI. The sentencing table therefore indicated a recommended sentence of 27 to 33 months.

Kinsey's sentencing hearing was held on October 31, 2008. At the hearing, the district court judge determined that, if Kinsey's escape qualified as a "crime of violence" for purposes of the Sentencing Guidelines, then he would be classified as a "career offender," which would increase his offense level to 14 and his corresponding Guidelines range to 37 to 46 months. Noting that the Supreme Court was about to decide a case on the issue of whether a failure to report constitutes a crime of violence, the court suspended the hearing until after the Supreme Court had issued its decision.

In January 2009, the Supreme Court decided *Chambers v. United States* and held that a failure to report is not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). 129 S. Ct. 687, 693 (2009).

The district court reconvened the sentencing hearing on February 9, 2009. At the hearing, the sentencing judge reviewed Kinsey's plea colloquy and decided that Kinsey's escape was a crime of violence because "the act of escape under the facts of this case was far more than just a failure to return, particularly given his flight and resistance of the officer who stopped him." Accordingly, the sentencing judge increased Kinsey's offense level to 14 and sentenced him to 37 months in custody, which was at the bottom of the increased Guidelines range, but four months above the top of the unadjusted range. On appeal, Kinsey argues that the sentencing judge erroneously classified his conviction as a crime of violence. This court has jurisdiction to review the district court's sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

II

The district court's interpretation of "crime of violence" in the Guidelines is a question of law that this court reviews de novo. *United States v. Amos*, 501 F.3d 524, 526 (6th Cir. 2007). The Sentencing Guidelines provide for harsher penalties if "the instant offense of conviction is a felony that is . . . a crime of violence . . . ." U.S.S.G. §4B1.1(a). A crime of violence is defined as an offense that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. §4B1.2(a).

If the conviction is of one of the enumerated crimes or a crime with one of the enumerated elements, then it is a crime of violence. Otherwise, the court must undertake a more probing analysis to determine whether the crime "otherwise involves conduct that presents a serious potential risk of

physical injury to another." Fortunately, the steps of this analysis have been exhaustively analyzed in prior decisions of the Supreme Court and this circuit. *See, e.g., United States v. Anglin*, 601 F.3d 523, 526-27 (6th Cir. 2010).

Generally, a court must conduct two inquiries. First, the court must determine whether the crime involves conduct that creates a serious potential risk of injury. *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). And second, the court must determine whether the crime involves "the same kind of 'purposeful, violent, and aggressive conduct' as the listed crimes." *Ibid*. (quoting *Begay v. United States*, 553 U.S. 137, 144-45 (2008)). Guiding these inquiries is the "categorical approach," in which the court looks to "the statutory definition of the crime of conviction, [but] not the facts underlying that conviction, to determine the nature of the crime." *Id*. at 422.

Sometimes, however, the court must go further, as some criminal statutes can be violated either by conduct that amounts to a crime of violence or by conduct that does not. *Ibid*. If this is the case, then the court must look at the indictment, guilty plea, and similar documents to determine whether those documents *necessarily* establish the nature of the committed crime. *Ibid*. (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Notably, the *Shepard* documents may not be used to examine "'how an individual offender might have committed [the offense] on a particular occasion,' but only how an offense is ordinarily committed based upon its elements." *United States v. Young*, 580 F.3d 373, 381 (6th Cir. 2009) (quoting *James v. United States*, 550 U.S. 192, 208 (2007)). Thus, if a defendant commits a crime that is ordinarily nonviolent in a violent manner, the crime is *not* converted into a crime of violence for purposes of the Sentencing Guidelines. *See Chambers*, 129 S. Ct. at 690 (noting the need to "avoid[ ] the practical difficulty of trying to

ascertain at sentencing . . . whether the present defendant's prior crime, as committed on a particular occasion, did or did not involve violent behavior").

The *Shepard* inquiry is required if the statute explicitly lists multiple forms of conduct. Even though all forms are criminalized under the same statute, they are treated differently for purposes of determining whether the crime is a crime of violence under the Sentencing Guidelines. In *Chambers v. United States*, for example, the Supreme Court considered an Illinois escape statute that specifically included seven different types of escape, from "escape from a penal institution" to "failing to abide by the terms of home confinement." 129 S. Ct. at 691. The Court held that a "failure to report" category of crime, although it is criminalized by a statute that also includes violent conduct, is not a "violent felony" under ACCA, which is–for these purposes–treated exactly the same as a "crime of violence" under the Guidelines. *Id.* at 693; *Ford*, 560 F.3d at 421.

Alternatively, a criminal statute may be so broadly worded that it encompasses multiple categories of crimes even though it does not list them separately, and a *Shepard* inquiry is also necessary in this situation. For example, in *Ford*, this court considered the Kentucky escape statute, which broadly defines escape to include any unpermitted departure or failure to return. 560 F.3d at 422. Noting that the *Shepard* documents established that the defendant committed a walkaway type of escape, the court held that–like a failure to report–a walkaway type of escape is not a crime of violence. *Id*. at 426 ("Ford committed a 'walkaway' escape, which no doubt may create a greater risk of physical injury than a failure to report, but which remains different from a jailbreak and other crimes of violence both in kind and in its risk of physical injury to others.").

III

Kinsey was convicted of a violation of the federal escape statute. Our inquiry into whether

Kinsey committed a crime of violence begins with the text of that statute, which provides, in relevant

part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both . . . .

18 U.S.C. § 751(a).

Because escape is not one of the enumerated crimes in the Guidelines' definition of "crime

of violence" and, as written, does not contain any of the definition's enumerated elements, it is a

crime of violence only if it "otherwise involves conduct that presents a serious potential risk of

physical injury to another." U.S.S.G. § 4B1.2(a); *see Ford*, 560 F.3d at 421. This court has held that

§ 751(a) broadly prohibits different categories of conduct, at least some of which are not crimes of

violence. *Anglin*, 601 F.3d at 529 ("Like the Kentucky statute at issue in *Ford*, § 751(a) prohibits

a broad range of behavior, including an escape with the use of force at one end and a failure to report

at the other."). In *Anglin*, this court held that § 751(a) encompasses at least three distinct categories

of crimes: "(1) failure to report, (2) so-called walkaway escapes, and (3) other escapes." 601 F.3d

at 529. Applying *Chambers* and *Ford*, the *Anglin* court held that, under § 751(a), failures to report

and walkaway escapes are not crimes of violence. *Ibid.* Because the *Anglin* court lacked an

- 6 -

adequate record from which to determine the nature of the defendant's § 751(a) conviction, it remanded the case to the district court to determine whether the underlying crime was a crime of violence, noting that the government bears the burden of proving that the defendant's escape was such a crime. *Id*. at 529-30.

With that background, the only remaining question is whether the *Shepard* documents in the record establish that Kinsey's crime was of a non-violent type. A plea colloquy is a valid *Shepard* document, *Shepard,* 544 U.S. at 26, and here, the plea colloquy conclusively establishes that Kinsey's escape was of the "failure to report" type. The plea colloquy transcript reflects that the parties accepted the following facts: "On March 25, 2008, Kinsey was permitted to leave [the halfway house] to go to work, and he was due to return at 8:00 p.m. Kinsey failed to return to [the halfway house] on March 25th, 2008[,] as required, and as a result, he was placed on escape status." The Supreme Court has defined a failure-to-report crime as "a failure to present oneself for detention on a specified occasion." *Chambers*, 129 S. Ct. at 691. Kinsey was supposed to present himself at 8:00 p.m. on March 25, 2008, and he failed to do so. Accordingly, his § 751(a) violation was a failure to report. This court has held that a failure to report under § 751(a) is not a crime of violence, and this ends the inquiry. *Anglin*, 601 F.3d at 529.

Although the plea colloquy also indicates that Kinsey later fled from a police officer, which arguably created a serious risk of violence, the relevant inquiry is what category of escape Kinsey committed, and whether that category of escape–as ordinarily committed–constitutes a crime of violence. The inquiry is not the risk of violence that Kinsey actually created, and the fact that he later fled from an officer is therefore immaterial to the issue at hand. Notably, by fleeing from the

officer, Kinsey may have committed another crime–separate from his § 751(a) failure to report–and *that separate crime* may indeed constitute a crime of violence. But Kinsey was not so convicted, and his relevant conviction here was for escape, which in this case does not constitute a crime of violence. Because we hold that Kinsey's conduct was of a type that is not a crime of violence, it is not necessary for this court to decide whether a § 751(a) conviction could ever, under a different set of circumstances, constitute a crime of violence. *Cf. United States v. Hart*, 578 F.3d 674, 681 (7th Cir. 2009) (holding that, as a categorical matter, a violation of § 751(a) is never a crime of violence); *but see United States v. Hughes*, 602 F.3d 669, 676-77 (5th Cir. 2010) (holding that a § 751(a) conviction for an escape from a detention center is a violent felony under ACCA, but not reaching the question of whether other forms of conduct reached by § 751(a) constitute violent felonies).

The government argues that, because the Supreme Court has held that § 751(a) is a "continuing offense," the court must consider the risk of violence when reapprehending the escapee, and that this risk establishes that a failure to report is a crime of violence. *United States v. Bailey*, 444 U.S. 394, 413 (1980) (holding "that [because] escape from federal custody as defined in § 751(a) is a continuing offense," a necessity or duress defense must excuse both the defendant's initial escape from custody and his failure to return). However, *Anglin* has already ruled that failures to report under § 751(a) are not crimes of violence for purposes of the sentencing guidelines. 601 F.3d at 529. Further, in *Chambers*, the Supreme Court itself foreclosed any argument that the risk of violence during reapprehension establishes that a failure to report is a crime of violence. 129 S. Ct. at 692-93 (holding that the proper inquiry is "whether such an offender is significantly more likely than others to . . . produc[e] a 'serious potential risk of physical injury,'" and that the Sentencing

Commission's report indicates that violence when apprehending failure-to-report offenders is extremely rare).

IV

For these reasons, we REVERSE the decision of the district court and REMAND for resentencing in accordance with our determination that Kinsey's violation of § 751(a) was not a crime of violence.

      **KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in the judgment.