NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0782n.06

No. 10-1322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 21, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| WALTER JASON PRIEST, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, ROGERS, and SUTTON, Circuit Judges.

PER CURIAM. Walter Jason Priest appeals the district court's judgment of conviction and sentence. He moves this court for immediate consideration of his appeal.

Priest pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court determined that Priest's base offense level was 26 based in part on his two prior convictions for crimes of violence. After adding two levels because the offense involved three firearms and subtracting three levels for acceptance of responsibility, the district court determined that Priest's total offense level was 25. Based on the total offense level of 25 and a criminal history category of VI, the district court determined that Priest's guidelines range of imprisonment was 110 to 120 months. The court sentenced him to 110 months in prison.

On appeal, Priest raises three challenges to the district court's judgment: (1) the court improperly calculated his base offense level under USSG § 2K2.1(a) by concluding that his prior conviction for malicious destruction of police property was a crime of violence; (2) the court

erroneously concluded that he possessed a silencer that qualified as a firearm for purposes of USSG § 2K2.1(b)(1)(A), and defense counsel rendered ineffective assistance by failing to obtain an independent expert to determine whether the device was a silencer; and (3) the court miscalculated his criminal history score. We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Deitz*, 577 F.3d 672, 698 (6th Cir. 2009).

Priest first argues that the district court improperly calculated his base offense level under § 2K2.1(a) by concluding that his prior conviction for malicious destruction of police property was a crime of violence. A "crime of violence" is defined as any state or federal offense punishable by a term of imprisonment exceeding one year that either involves the use, attempted use, or threatened use of physical force against the person of another or involves certain enumerated crimes or conduct that presents a serious potential risk of physical injury to another. *See* USSG §§ 2K2.1(a)(1) & cmt. n.1, 4B1.2(a). As the government concedes, Priest's prior conviction for malicious destruction of police property, based on his destruction of a bed sheet in his cell, did not constitute a crime of violence for purposes of § 2K2.1(a). *See United States v. Anglin*, 601 F.3d 523, 526-27 (6th Cir. 2010). Consequently, the district court erred by determining that Priest's base offense level was 26 under § 2K2.1(a)(1) rather than 22 under § 2K2.1(a)(3).

Priest next argues that the district court improperly enhanced his offense level under § 2K2.1(b)(1)(A) based on its erroneous conclusion that he possessed a silencer that qualified as a third firearm. Priest further argues that defense counsel rendered ineffective assistance by failing to obtain an independent expert to determine whether the device in question was a silencer. Priest admitted that he made the device because his assault rifle was kept in his daughter's room and, in

the event he had to fire it, he did not want the noise to hurt her ears. Further, a special agent from the Bureau of Alcohol, Tobacco, and Firearms prepared a report concluding that, based on the characteristics of the device, it was a silencer for Priest's assault rifle. Given that evidence, the district court did not clearly err in concluding that the device was a silencer, and it properly assessed two levels under § 2K2.1(b)(1)(A). *See* 18 U.S.C. § 921(a)(3)(C); USSG § 2K2.1, cmt. n.1. The record is insufficient to permit adequate review of Priest's claim that defense counsel rendered ineffective assistance. *See United States v. McCarty*, 628 F.3d 284, 295-96 (6th Cir. 2010).

Finally, Priest argues that the district court miscalculated his criminal history score in two ways: (1) the court improperly assessed three points under USSG § 4A1.1(a) rather than two points under § 4A1.1(b) based on his prior conviction for possession of explosives with intent to terrorize because Priest served only six months of his three to ten year sentence for that crime; and (2) the court improperly assessed two points under § 4A1.1(e) of the 2008 edition of the Sentencing Guidelines because he did not commit his current offense within two years of being released from prison. The district court did not err by assessing three points under § 4A1.1(a) because Priest's maximum sentence was ten years for his prior offense and he actually served a period of imprisonment on the sentence. *See* USSG §§ 4A1.1(a), 4A1.2(b)(1) & cmt. n.2. The district court did err, however, by overruling Priest's objection at the conclusion of the sentencing hearing and assessing two points under § 4A1.1(e). That section applies when the current offense is committed less than two years after release from imprisonment, *see* USSG § 4A1.1(e) (2008), and, as the government concedes, Priest did not commit his offense within two years of being released from prison.

Accordingly, we vacate Priest's sentence and remand to the district court for a full resentencing consistent with this opinion. Priest's motion for immediate consideration of his appeal is denied as moot.